### In re BAKER et al.

Court of Customs and Patent Appeals. December 19, 1929.

Patent Appeal No. 2178.

Gifford & Bull, of New York City (G. F. Scull, of New York City, and C. P. Byrnes,

of Pittsburgh, Pa., of counsel), for appellants.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

HATFIELD, Associate Judge. This is an appeal from a decision of the Board of Appeals affirming the decision of the examiner denying all claims—five in number—in appellants' application for an alleged invention relating to a means and a process for uniform distribution of fuel to a stoker.

Claims 1, 2, and 3 relate to an alleged novel apparatus, while 4 and 5 are process claims.

Claims 1, 3, and 4 are illustrative. They read:

1. "In combination, a mechanical stoker having a grate, a hopper extending crosswise of the grate, a chute for conveying fuel to the hopper, and operating means connected to the chute and constructed and arranged to move the lower end of the chute back and forth lengthwise of the hopper, whereby a substantially uniform distribution of the fuel in said hopper is effected."

3. "In combination, a mechanical stoker and means for operating the same, a chute for conveying fuel to the stoker, an operating shaft, driving connections between said shaft and the stoker, and means associated with said shaft to move the lower end of said chute back and forth transversely of the direction in which the fuel is fed by said stoker."

4. "In the method of feeding solid fuel to a stoker, the steps consisting in maintaining a relatively large mass of fuel extending crosswise of the stoker, permitting the fuel to flow from the mass to the stoker across the width of the stoker, supplying fuel to the upper portion of the mass in a relatively small stream, and moving the supply stream of fuel back and forth along the mass at an angle to the direction of flow of fuel from the mass to the stoker."

The references relied upon by the tribunals of the Patent Office for the rejection of the claims are: Curtis, 795,106, July 18, 1905; Maxfield, 946,762, January 18, 1910; Heberer et al., 1,022,550, April 9, 1912; Van Vleck, 1,151,138, August, 1915.

In disposing of the issues, the Board of Appeals, among other things, said:

"Van Vleck shows the stoker, the hopper and the chute, but not the means for oscillating the chute, called for in the claims. By moving the chute back and forth lengthwise of the hopper appellant obtains a "substantially uniform distribution" of the fuel in the hopper. By flaring the mouth of his chute lengthwise of his hopper, Van Vleck obtains this "substantially uniform distribution" to a less extent.

"Heberer and Hyne swing their chute by means of a screw 27 in a similar manner to that employed by appellant but they feed the fuel directly into the furnace and not into a hopper. * * *

"While the flaring mouth of Van Vleck's feed pipe gives a wider distribution than a pipe with straight sides, it obviously will not give as wide a distribution as would be obtained if Van Vleck oscillated his pipe across the hopper.

"Concerning the patent of Heberer and Hyne, appellant points out that they use no hopper but feed the coal directly to the grate and therefore do not obtain the same result as appellant. This patent was not cited, however, as in itself meting [meeting] the appealed claims but as disclosing the idea of oscillating the feed pipe. We agree with the examiner that there would be no invention in substituting this oscillating feed pipe for the stationary one of Van Vleck. Heberer and Hyne teach the idea and feasibility of oscillating the feed pipe, and disclose appellant's means of oscillating it by means of a screw.

"Van Vleck discloses the subject matter of the claims except that he does not oscillate his feed pipe. In our opinion there is no invention in oscillating his pipe after the manner suggested by Heberer and Hyne."

The quoted decision of the Board of Appeals sufficiently details the purpose and operation of appellants' apparatus and the differences between it and those cited as references. It was conceded by the Board of Appeals, and properly so we think, that new and beneficial results are obtained by the combination perfected by appellants. However, it was held that the patent to Heberer and Hyne disclosed the idea and suggested the feasibility of "oscillating the feed pipe." The trouble with this holding is that Heberer and Hyne (as well as others skilled in the art) had no thought of oscillating the feed pipe over the hopper for the purpose of securing a uniform level and mixture of coal therein and, consequently, a uniform mixture of coal—lumps and fine—on the grate, nor any idea of the beneficial results to be obtained thereby.

The constituents of appellants' apparatus are old. However, they are so combined

structurally as to be functionally related to each other in a different way from that known in the prior art. From this new combination new and beneficial results are obtained. Was this improvement obtained by the exercise of mere mechanical skill? Was it obvious to persons skilled in the art? We are of opinion that these questions must be answered in the negative; that the new combination required the exercise of the inventive faculties; and that appellants are entitled to the protection of a patent for claim 1, 2, and 3.

If our reasoning is sound, and we think it is, authorities need not be cited in support of our holding.

■ Claims 4 and 5 are for an alleged novel method. We quote from the brief of counsel for appellants:

"In the old systems, the feed was regulated in two ways; either by a central stationary depending pipe having an enlarged or flaring lower mouth portion adjacent to the center of the upper part of the hopper, *or through a straight pipe having a control valve at its upper end and which pipe could be adjusted by the attendant so as to bring its lower end over different parts of the hopper.*" (Italics ours.)

The claimed method was disclosed in the patent to Curtis, July 18, 1920, No. 795,106.

We conclude, therefore, that appellants are entitled to a patent for apparatus claims 1, 2, and 3, but that they are not entitled to a patent for the process claims 4 and 5. The decision is modified, being reversed in so far as it denies a patent for appellants' apparatus claims 1, 2, and 3, and in all other respects affirmed.

Modified.

